UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LILA KATHLEEN MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:14-0570 |
| | ) | Judge Trauger |
| WILLIAM B. LOCKERT, *Public Defender*, and | ) | Magistrate Judge Brown |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Defendants. | ) | |

**To: The Honorable Aleta A. Trauger, United States District Judge.**

## REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge **RECOMMENDS** that Defendants' Motion to Dismiss Plaintiff's claim for punitive damages (DE 8) be **GRANTED** and that Plaintiff's claim for punitive damages be **DISMISSED**.

### I. FACTUAL BACKGROUND

Defendants employed Plaintiff as an Assistant Public Defender from February 11, 2008 to January 12, 2012. (DE 1, p. 3). In September 2011, Plaintiff filed a charge of sexual harassment with either the Tennessee Human Rights Commission ("THRC") or the Equal Employment Opportunity Commission ("EEOC").[1] (DE 1, p. 3). The parties resolved the matter through the mediation process, and Plaintiff resumed work on January 3, 2012. (DE 1, p. 3). In accordance with the agreement reached through the mediation process, Plaintiff was transferred to the "Waverly office," which she described as being "filthy" and in "disrepair." (DE 1, p. 3).

---

[1] Plaintiff's complaint does not specify the agency with which she filed her first charge of discrimination.

1

Plaintiff notified Mr. Lockert, the Public Defender, of the "state of the office." She was later fired on January 12, 2012. (DE 1, p. 3).

## II. PROCEDURAL HISTORY

Before filing this complaint, Plaintiff filed charges against Defendants with either the THRC or the EEOC on November 7, 2012. (DE 1, p. 2). She received her "Notice of Right to Sue" on December 3, 2013. (DE 1, p. 2).

Proceeding *pro se*, Plaintiff filed this complaint on February 24, 2014. (DE 1). She contends that Defendants, Mr. Lockert and the State of Tennessee, violated Title VII of the Civil Rights Act of 1964, and as amended by the Civil Rights Act of 1991, when they terminated her employment. (DE 1, p. 3). Among the relief sought was a request for punitive damages. (DE 1, p. 4). The District Judge referred the case to the Magistrate Judge on February 26, 2014. (DE 2).

On March 24, 2014, Defendants moved to dismiss Plaintiff's claim for punitive damages pursuant to Fed. R. Civ. P. 12(b)(6). (DE 8) (DE 9). Plaintiff responded to this motion on May 21, 2014. (DE 17). Defendants replied to Plaintiff's response on May 30, 2014. (DE 20). The matter is now properly before the Court.

## III. ANALYSIS

### A. Standard of Review

To withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). The Rule requires more than a "probable" inference of wrongdoing; rather the facts alleged must "allow the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Estate of Barney v. PNC Bank, Nat. Ass'n*, 714 F.3d 920, 924 (6th Cir. 2013) (citation omitted).

**B. Punitive Damages under Title VII**

Plaintiff cannot recover punitive damages from Defendants, a state government and a state government employee, as this recovery is explicitly prohibited by statute, 42 U.S.C. § 1981a(b)(1). This is true despite Plaintiff's contention that "[i]t could never have been the legislative intent to preclude punitive damages when the acts were of an egregious nature and exhibited gross misconduct." (DE 17, p. 1). The plain language of 42 U.S.C. § 1981a(b)(1) precludes award of punitive damages to a claimant seeking redress against government defendants. The section provides:

> A complaining party may recover punitive damages under this section against a respondent (*other than a government, government agency* or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

42 U.S.C. § 1981a(b)(1) (emphasis added); *see also Robinson v. Runyon*, 149 F.3d 507, 516 (6th Cir. 1997) ("Congress amended Title VII in 1991 to permit punitive damages in Title VII actions. The amendment however specifically exempted governments, government agencies and political subdivisions."). The postal service, for example, is a government agency exempt from punitive damages under Title VII. *See Robinson*, 149 F.3d at 517.

As the State of Tennessee is a "government," it is exempt from punitive damage penalties under 42 U.S.C. § 1981a(b)(1). Furthermore, even though Plaintiff did not indicate whether she was suing Mr. Lockert in his individual as opposed to his official capacity (DE 1), Plaintiff's claim for punitive damages would fail either way. Had Plaintiff sued Mr. Lockert in his official capacity, such suit would be treated as a suit against the State of Tennessee from which Plaintiff

may not recover punitive damages. *See* 42 U.S.C. § 1981a(b)(1). On the other hand, Plaintiff cannot sue Mr. Lockert in his individual capacity because "[a]n individual cannot be held personally liable for violations of Title VII." *Griffin v. Finkbeiner*, 689 F.3d 584, 600 (6th Cir. 2012).

No matter what set of facts Plaintiff alleges to establish Defendants acted with "malice" or "reckless indifference," the statute's "government defendant exception" precludes her claim for punitive damages, and dismissal of the claim is proper. *See* 42 U.S.C. § 1981a(b)(1).

## IV.     RECOMMENDATIONS

For the reasons stated above, the Magistrate Judge **RECOMMENDS** that Defendants' Motion to Dismiss Plaintiff's claim for punitive damages be **GRANTED** and that Plaintiff's claim for punitive damages be **DISMISSED**.

Under Rule 72(b), Fed. R. Civ. P., the parties have fourteen (14) days from service of this R&R within which to file with the District Court written objections to the proposed findings and recommendations made herein. Any party opposing the objections shall have fourteen (14) days from receipt of the objections within which to file a response. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. *Thomas v. Arn*, 474 U.S. 140, reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** the 11th day of June, 2014,

/s/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge